UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| WILLIE CLARNECE POOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV421-202 |
| | ) | |
| MS. FLETCHER and | ) | |
| MR. BETTERSON, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at Coastal State Prison, has submitted a Complaint alleging denial of adequate medical care. Doc. 1. He seeks to proceed *in forma pauperis* (IFP). Doc. 2. As plaintiff has on at least three prior instances filed meritless actions while incarcerated and has failed to completely disclose his litigation history, his motion to proceed IFP should be **DENIED** and the Complaint **DISMISSED**.

Under the Prison Litigation Reform Act (PLRA), an indigent prisoner is barred from proceeding IPF after filing three meritless actions. 28 U.S.C. § 1915(g). The provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff has filed several prior cases with the Middle District of Georgia; of which, at least three qualify as strikes under § 1915(g): *Poole v. Oglethorpe County Sheriff's Department, et al*, CV3:10-032 (M.D. Ga. May 10, 2010); *Poole v. Smith, et al.*, CV1:19-156 (M.D. Ga. Sep. 9, 2019); and *Poole v. Meyers*, CV1:20-078 (May 5, 2020).

In *Poole v. Oglethorpe County Sheriff's Department,* while detained at the Oglethorpe County Detention Center, plaintiff brought a suit under 42 U.S.C. § 1983 against a county sheriff's department and four facility staff members, alleging that his legal mail was opened outside of his presence and that he was twice given incorrect medication. *See Poole v. Oglethorpe Cnty. Sheriff's Dep't., et al.*, CV 3:10-032, doc. 1 (M.D. Ga. May 10, 2010) (complaint); *id.*, doc. 7 (M.D. Ga. Jun. 29, 2010) (supplement to complaint). Reviewing the complaint pursuant to 28 U.S.C. § 1915A, the court found that the county sheriff's office was not a proper defendant and that the alleged facts did not impair plaintiff's access to the courts or

constitute deliberate indifference. *Oglethorpe Cnty. Sheriff's Dep't., et al.*, CV 3:10-032, doc. 8 (M.D. Ga. Mar. 28, 2011) (order dismissing). The complaint was dismissed for failure to state a claim on which relief could be granted. *Id.*; *see also* 28 U.S.C. § 1915A(b)(1).

In *Poole v. Smith*, while incarcerated at Dodge State Prison, plaintiff brought a claim alleging that a prison guard bribed another inmate to harm him. *See Poole v. Smith, et al.*, CV1:19-156, doc. 1 (M.D. Ga. Sep. 9, 2019) (complaint); *id.*, doc. 12 (M.D. Ga. Nov. 1, 2019) (recast complaint). He further alleged that the other inmate did not cause physical harm, but rather sexually harassed him. *Id*. Plaintiff claimed that the harassment violated rights guaranteed by the Prison Rape Elimination Act of 2003 (PREA), 34 U.S.C. § 30301, *et seq*. *Smith, et al.*, CV1:19-156, doc. 1 (M.D. Ga. Sep. 9, 2019) (complaint); *id.*, doc. 12 (M.D. Ga. Nov. 1, 2019) (recast complaint). The Court dismissed the complaint for failure to state a claim, finding that PREA does not provide an individual right of action and that plaintiff alleged no other violation. *Smith, et al.*, CV1:19-156, doc. 15 (M.D. Ga. Jan. 1, 2020) (order dismissing) *adopting id.*, doc. 13 (M.D. Ga. Nov. 18, 2019) (report and recommendation).

In *Poole v. Meyers*, while confined at Autry State Prison, plaintiff sued the prison warden and medical staff, alleging problems with the conditions of his confinement and the adequacy of the medical and psychological care provided. *Meyers*, CV1:20-078, doc. 1 (May 5, 2020); *id.*, doc. 7 (M.D. Ga. Sep. 29, 2020). The Court found that dismissal was appropriate for failure to state a claim because plaintiff made no specific allegations against the warden—the only identified defendant. *Meyers*, CV1:20-078, doc. 9 (Jan. 7, 2021). It also found that plaintiff failed to completely disclose his prior litigation history. *Id.* This lack of candor provided an alternative ground for dismissal. *Meyers*, CV1:20-078, doc. 11 (May. 11, 2021)(order dismissing) *adopting id.*, doc. 9 (Jan. 7, 2021). Dismissal for plaintiff's failure comply with the Court's instruction to disclose his prior filings qualifies as a strike under 28 U.S.C. § 1915(g). *See Sears v. Haas*, 509 F. App'x 935, 036 (11th Cir. 2013) ("In the analogous context of the dismissal of a suit as malicious under § 1915(e)(2)(B)(i), we have explained that failure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal."); *see also Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by Jones v.*

*Bock*, 549 U.S. 199 (2007) (stating that a dismissal for lying by failing to disclose prior lawsuit was "strike-worthy.").

PLRA does provide an exception to this restriction if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To qualify for the exception, a plaintiff must allege more than a speculative or generalized risk. *See Sutton v. Dist. Atty's Office*, 334 F. App'x. 278, 279 (11th Cir. 2009) (general assertions of risk are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." (internal quotation omitted)); *see also Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013) ("A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed."). Plaintiff has not alleged that he is in imminent danger of serious injury. Therefore, his motion to proceed IFP should be **DENIED**. Having filed three meritless claims, plaintiff "must pay the full filing fee at the time he initiates suit" in order to bring future cases before the Court. Therefore, it

is **RECOMMENDED** that the Complaint be **DISMISSED WITHOUT PREJUDICE**.

Plaintiff's failure to fully disclose his litigation history provides an alternative ground for dismissal of the Complaint. At the time of filing his complaint, plaintiff identified two other cases which he brought in federal court while incarcerated: *Poole v. Moesko*, CV3:17-047, (M.D. Ga. Mar. 10, 2017) and *Poole v. Adams*, CV3:17-046 (M.D. Ga. Mar. 10, 2017). Doc. 1 at 1–2. He did not disclose the three cases identified above. Federal Rule of Civil Procedure 11(b) "forbids lying in pleadings, motions, and other papers filed with the court." *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006). The Court is impowered to sanction a party for such misrepresentations. Fed. R. Civ. P. 11(c). Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide" by the Rules. *Zocaras*, 465 F.3d at 490; *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir.1982).

Further, "the power of a court to dismiss a claim is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Zocaras*, 465 F.3d at 490; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Hartline*, 693 F.2d at 1352. The Eleventh Circuit

approves of dismissals under the inherent power where a litigant, in bad faith, fails to disclose his prior cases on a form complaint. *Young v. Sec'y Fla. for the Dep't of Corrs.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (affirming dismissal under inherent power for plaintiff's failure to disclose his prior cases on the court's complaint form); *see Rivera*, 144 F.3d 719, 731 (11th Cir. 1998) (district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit").

While a prisoner's *pro se* pleading is entitled to liberal construction, that doctrine presupposes that the prisoner was honest and forthright with the Court. Providing false responses to the Court's inquiries is sanctionable conduct and undermines the administration of justice. *See Morefield v. DuPree*, 2008 WL 5100926, at * 3 (S.D. Ga. Dec. 3, 2008) (dismissing action without prejudice where plaintiff abused the judicial process by providing dishonest information about his prior filing history); *Gillilan v. Walker*, 2007 WL 842020, at *1 (S.D. Ga. Mar. 15, 2007) (same). Plaintiff has been warned before of the importance of fully and accurately disclosing his litigation history. *Meyers*, CV1:20-078, doc. 9 at 6–9 (Jan. 7,

2021). As it is apparent that his lack of disclosure was in effort to mislead the Court, the Complaint should be **DISMISSED**.

In summary, the Court **RECOMMENDS** that plaintiff's motion for leave to proceed *in forma pauperis* be **DENIED**, and his Complaint be **DISMISSED**, as he has accumulated three strikes under 28 U.S.C. § 1915(g). It is further **RECOMMENDED** that the Complaint be **DISMISSED**, alternatively, for plaintiff's failure to disclose his litigation history. This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 14th day of July, 2021.

/s/ Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA